BEFORE THE THIRD DIVISION, JUNE 30, 1947

No. 51828.—Washington State Liquor Control Board v. United States, protest 109847–K (Seattle).

CLINE, Judge: In this suit against the United States arising at the port of Seattle the plaintiff claims that the collector of customs should have made an allowance in his assessment of duties upon two hogsheads of Scotch whisky, numbered 2 and 5, for 17.4 British Imperial proof gallons, equal to 23.91 American proof gallons, which were claimed to have been lost prior to the lading thereof on the export vessel, and thus were never exported from Scotland. It is further claimed that duty should have been assessed upon the quantity of whisky reported by the gauger as contained in hogshead numbered 48 rather than upon the invoiced quantity. The latter claim, however, was abandoned at the trial.

At the trial it was established that hogsheads numbered 2 and 5 were in good condition when received in Seattle. However, the heads had been recoopered and both were light in weight. Hogshead No. 2 was invoiced as containing 66 wine gallons. According to the gauger's report it contained a landed quantity of 59.27 wine gallons. As to hogshead No. 5, the invoice quantity was 64.8 gallons and the gauger found only 47.91 wine gallons.

A letter attached to the entry papers, written upon a plain sheet of paper, entirely upon the typewriter, including the signature, was admitted in evidence as exhibit 1. It reads as follows:

1st February, 1943.

Messrs. Washington State Liquor Control Board,
Olympia, Washington, U. S. A.
Dear Sirs,
With-reference to the 50 hogsheads TWO SEAL Scotch whisky forwarded for shipment per s. s. "Nigerstroom", we regret that whilst loading was taking place, two of the casks were damaged and 17.4 proof gallons were lost.
We enclose credit note herewith and no doubt you will arrange to deduct this sum from your next remittance.
With compliments,

We are<br>Yours faithfully<br>for Hill, Thomson & Co., Ltd.,<br>W. D. Shaw<br>Director

There was no evidence concerning the two hogsheads other than that contained in this unsigned and uncorroborated letter. There is nothing to establish that a credit note was actually received by the plaintiff or that the shipper had not actually been paid upon the basis of the export quantity of the whisky contained in the shipment as specified on the invoice. The evidence entirely fails to connect the shortage in hogsheads 2 and 5 with the 17.4 proof gallons purported to have been lost.

In *Kolmar, Inc.* v. *United States*, 13 Cust. Ct. 134, C. D. 884, the packing list or specifications established the quantities in each barrel as approximately three-quarters of the capacity thereof. The gauger, gauging by the rod method, found a larger quantity than stated in the specifications and the collector, following the regulations of the Secretary of the Treasury, assessed duty upon the basis of the capacity, less 2½ percent for normal outage. At the trial before this court the quantity listed in the specifications, which agreed with the quantity stated in the consular invoices, was established to be the exact amount of liquor exported. The court held that the invoiced and entered quantities should be used as the basis for the assessment of duty, inasmuch as the collector was in error in presuming or implying from the report of the gauger that the exessive outage was due to leakage.

In *United States* v. *Sherbrook Distributing Co.*, 33 C. C. P. A. 161, C. A. D. 330, the question was the same as that involved in the *Kolmar* case, *supra,* and the evidence was substantially the same. The appellate court was of the opinion that the quantity reported by the United States gauger should be adopted as the basis for the assessment of duty, rather than the quantity stated in the specification by the foreign gaugers, and modified the decision of this court accordingly. These cases establish the principle that the quantity contained in each package upon exportation, as evidenced by the specifications, may be established before this court, in an effort to refute the correctness of the assumption of the collector that the wantage or outage found and reported by the United States gaugers in containers of liquor was caused by breakage, leakage, or damage to the package, which, under regulations of the Secretary of the Treasury, authorized the collector to assess duty upon the basis of the capacity, less 2½ percent for normal out-

age. Such regulations were held to be legal by the Court of Customs and Patent Appeals in *Park & Tilford* v. *United States*, 9 Ct. Cust. Appls. 53, T. D. 37906. The court there held that where the importer failed to declare the correct quantity in each cask at the time of exportation, he could not complain if the capacity of the containers were accepted by the collector as the quantity upon which duty was to be assessed.

In *Thornley & Pitt* v. *United States*, 15 Cust. Ct. 43, C. D. 938, the court held that the filing of specifications is a condition precedent to the assessment of duties on a less quantity than the gross capacity of the containers and the burden is upon the importer to furnish the specifications. In that case, a sworn statement, having the specifications attached thereto, was forwarded with the protest papers by the collector, but the court found nothing appearing thereon to establish that it was filed with the collector before entry or at such time as required by law. The court held that such a statement, with specifications attached, was insufficient to overcome the presumption of correctness attaching to the collector's action.

In view of the record before us, we are of the opinion that the exported quantities in hogsheads 2 and 5 have not been established to be less than contained in the specifications. No amended specifications showing the alleged exported quantities were filed with the collector nor submitted to this court; thus it has not been established that the outage found by the gauger to be greater than normal was due to causes other than breakage, leakage, or damage while in transit from a foreign port. Under the *Park & Tilford* case, *supra*, relief may not be granted. Inasmuch as the collector under the law is required to assess duty upon the basis of the capacity, less 2½ percent for outage, it will not be essential for us to determine whether or not shortages such as are claimed here are subject to an allowance. Clearly the presumption of correctness of the collector's action has not been overcome.

Judgment will therefore be entered in favor of the Government.